BOB LANIER V. THE STATE.

No. 3911. Decided January 12, 1916.

Rehearing denied February 9, 1916.

**1.—Burglary—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions to the overruling of an application for a continuance, and no sufficient diligence appeared, there was no error in overruling the same.

**2.—Same—Recent Possession—Explanation—Rule Stated.**

Where a burglary is shown and the defendant is found in possession shortly afterwards of some of the stolen property and gave an explanation which exonerates him, the State must show the statement to be false in order to obtain a conviction, and where there was a conflict of testimony as to such statement the question is one for the jury, and there is no reversible error.

**3.—Same—Evidence—Witness—Insanity.**

Where, upon trial of burglary, there was nothing in the record except the general statement that at one time the State's witness had been convicted of lunacy and nothing appeared that he was not in proper mental condition to testify, this was no cause for reversal.

**4.—Same—Motion for New Trial—Affidavit—Newly Discovered Testimony.**

Where there was not a sufficient showing that the newly discovered evidence was material and the affidavit to the motion for new trial was on information and belief and the alleged testimony in any event was but impeaching testimony, and but hearsay, there was no error in overruling the motion.

**5.—Same—Practice—Motion for New Trial.**

Where the record showed that the trial court was still in session and would not adjourn for some time, an additional motion for new trial could have been filed and additional affidavits secured if the motion had merit; however, this was not done, and as the record was presented there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary

The opinion states the case.

*Heidingsfelders,* for appellant.

*C. C. McDonald, John H. Crooker, T. J. Harris,* and *T. E. Branch,* for the State.—On question of incompetency of witness: Zunago v. State, 63 Texas Crim. Rep., 58; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878.

On question of overruling the motion for new trial: Fricke v. State, 11 Texas Crim. App., 6; Bundick v. State, 59 Texas Crim. Rep., 9; Moore v. State, 49 id., 449.

DAVIDSON, JUDGE.—The verdict of the jury gave appellant five years in the penitentiary for burglary.

The case is one of circumstantial evidence. That the house was burglarized by someone is not questioned. The State introduced evidence of recent possession by appellant of a pistol taken from the burglarized house, which he sold to the witness Pappas a few days after the burglary, receiving $3 as compensation.

Appellant sought a continuance on account of the absence of Peters. A bill of exceptions was not reserved to the action of the court overruling the application. Peters was expected to testify that the pistol in question was received by appellant from Franks. Franks testified that he did not have the pistol; that he never saw it until he saw it during the trial, and did not deliver the pistol or any other pistol to appellant with the request that he sell it. Appellant testified he received the pistol from Franks, and also introduced the evidence delivered by Peters, his alleged absent witness, at the examining trial. Peters testified, substantially, at the examining trial, that he saw Franks deliver "a gun" to appellant, but did not hear the conversation. It is claimed that Peters was in Galveston, but no further effort was made to get him. This is substantially the case.

Summarized, the evidence shows conclusively that the house was burglarized by someone, and that a few days subsequent to the burglary appellant sold the pistol taken from the burglarized house. His explanation given on the trial was that he had obtained the pistol from Franks for the purpose of selling it. The authorities in Texas are to the effect that where a burglary is shown and the accused is found in

possession shortly afterwards of some of the stolen property and gave an explanation which would exonerate him, the State must show the statement to be false in order to obtain a conviction. Peters' testimony was to the effect that Franks delivered to appellant a pistol. Appellant testified that he obtained the pistol from Franks with the request that he sell it, and that in accordance with this request he did sell it. Franks denied this. This was a matter for the jury, and for this reason we do not feel justified in disturbing the verdict.

Appellant contends the evidence is not sufficient to convict as Franks testified he had once been convicted of lunacy. This was brought out by appellant on cross-examination. When this occurred, or where it occurred, or whether it was of a permanent nature, or whether he had been subsequently discharged as being restored, is not shown or attempted to be shown by the evidence. The statute provides that insane people are not competent witnesses. No objection was raised to Franks' competency as a witness during the trial, and appellant developed the fact that he had been at one time charged with and convicted of lunacy. This is the substance of the case on this phase of it. It is true that where a party has been once convicted of lunacy the general rule is that this mental condition will be presumed to continue and the testimony must show to the contrary. This can be shown in various ways by any legitimate testimony which would show restoration to proper mental status. There is nothing in the record with reference to this question one way or the other, except the general statement that at one time he had been convicted of lunacy. In this view of the case, and without any exception to the competency of the witness, or sufficient facts to show that he was not of proper mental condition to testify, it would not justify the court in reversing on this record as the evidence is stated. It is evident that the witness had been discharged from custody as a lunatic at some time, but when and why is not shown. Only the fact is stated on cross-examination that he had been at one time so convicted. We do not think this matter is so presented as to require this court to reverse on insufficiency of the evidence.

A bill of exceptions shows that a formal motion for new trial had been filed on the 18th of November, the conviction having occurred on the 17th, or a day prior to the filing of the motion; that on the 27th of November the court announced he would take up the motion at or about 8:30 on the morning of said day. Counsel for defendant came into court, the motion was called, and appellant's counsel addressing the court, stated he was not ready to proceed for the reason that on last Tuesday, the 23rd of November, he received information of a boy named Murphey, and a boy by the name of George Burns, that they had been informed that the State's witness, Clifford Franks, had made statements to various and different parties that he stole the pistol and burglarized Dr. Smith's office, and that Bob Lanier, defendant, was not guilty of the offense, and that he was glad that he was convicted and got five years in the penitentiary. The attorney further stated when he received this information he had to go to Austin on Tuesday

night to attend the Court of Criminal Appeals in two cases in which he was counsel. That he returned on Wednesday night, and on Thursday, being Thanksgiving Day, he was not in his office. On Friday he was engaged in defending a homicide case in an examining trial, and that up to the time of speaking to the court with reference to this matter he had not received the affidavits, but that he had an appointment with the mentioned witnesses at 10 o'clock that morning to secure necessary affidavits, and that such evidence, if true, would be newly discovered and would be set up in amended motion for a new trial, and that he expected on that day to get these affidavits together setting up these facts and that they would be sufficient to authorize the granting of the motion for a new trial, and asked a postponement for that purpose. The court refused this, and appellant sets these matters up in a bill of exceptions. We do not believe this is a sufficient showing. The affidavit of these two parties giving the information with reference to the statement of Clifford Franks would not state that they had heard Clifford Franks make the statement but they had been informed he had made these statements to different parties; but in any event it would be impeaching testimony, and as presented in this statement would be but hearsay. No effort had been made to obtain any of the parties to whom Franks made these statements, if he made any, and their names are not set out. Several days had elapsed after receiving the information. In other words, diligence is wanting. For this reason we are of opinion the case should not be reversed. It may be further stated that all this occurred about the 27th of November. The caption shows that the court is still in session, and has been since appellant's conviction, and it will not adjourn until the 31st of January, 1916. If testimony of the character indicated should be obtained and it could be shown that Clifford Franks was the guilty party and not appellant, there was sufficient time to secure the affidavit, even after the motion for new trial had been overruled. An additional motion could have been made and had there been merit in the affidavits of any substantial nature, doubtless the court would have granted the motion to the end that if appellant was not guilty a new trial would be awarded, or if the testimony was material, going to show that he was not guilty, the same order should have obtained on the part of the court. The transcript was certified by the clerk on the 23rd day of December, nearly a month after the occurrences mentioned above. No attempt was made to secure these affidavits.

As the record is presented we are of opinion that there is no sufficient reason shown why the judgment should be reversed, and it is, therefore, affirmed.

*Affirmed.*

[Rehearing denied February 9, 1916.—Reporter.]